# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JERRY KING,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-328**          (JCN: 2022005091)

**GESTAMP NORTH AMERICA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry King appeals the November 29, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Gestamp North America, Inc. ("Gestamp") filed a timely response.[1] Mr. King did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order denying Mr. King's application to reopen the claim for temporary total disability ("TTD") benefits beginning March 1, 2022.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Mr. King suffered a compensable workplace injury on September 7, 2021, while employed by Gestamp. Mr. King reported that he was lifting a robotic arm with assistance from a coworker when he felt pain in his shoulder and realized that he could not raise his arm. Mr. King was seen at Thomas Memorial Hospital the day of the injury and reported pain in his shoulder which increased with any movement.

On September 15, 2021, Mr. King was seen by Phillip Surface, D.O., an orthopedic surgeon. Dr. Surface opined that Mr. King likely suffered a right shoulder rotator cuff tear and ordered an MRI for further evaluation of the right shoulder. An MRI of Mr. King's right shoulder was performed on October 4, 2021, and revealed a full-thickness tear of the

---

[1] Mr. King is represented by Thomas D. Hall, Esq. Gestamp is represented by Jeffrey M. Carder, Esq.

1

supraspinatus tendon; subdeltoid and subacromial bursal distention; advanced AC joint arthropathy; a full-thickness tear of the long head of the biceps tendon; and a large complex subcutaneous mass posterior to the shoulder.

Mr. King returned to Dr. Surface on October 11, 2021, and was diagnosed with right rotator cuff tear, AC joint arthritis, primary osteoarthritis of the right shoulder, and superior glenoid labrum lesion of the right shoulder. Dr. Surface recommended right shoulder surgery pending approval from Mr. King's cardiologist. Mr. King was released to return to work on modified duty while awaiting clearance for surgery from his cardiologist beginning November 1, 2021.

The claim administrator issued an order closing this claim for TTD benefits on November 15, 2021, after Mr. King was released to return to work on modified duty. Mr. King protested this order.

On February 28, 2022, Mr. King was laid off from his position at Gestamp because Gestamp was unable to accommodate his modified duty restrictions. Mr. King submitted an application to reopen his claim for TTD benefits dated March 15, 2022, noting that he was laid off on February 28, 2022. On March 24, 2022, Mr. King underwent surgery to repair his right shoulder rotator cuff tear. The claim administrator issued an order dated March 31, 2022, which granted Mr. King TTD benefits from March 11, 2022, through his next follow up appointment.

On November 29, 2022, the Board issued an order affirming the claim administrator's order denying a reopening of the claim for TTD benefits. The Board found that Mr. King was not entitled to TTD benefits from March 1, 2022, to March 10, 2022, because the surgery to treat his compensable injury was delayed due to a noncompensable medical condition. Mr. King now appeals the Board's order.[2]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

---

[2] The Board also affirmed the claim administrator's order dated November 15, 2021, that closed the claim for TTD benefits. However, Mr. King does not appeal this ruling by the Board.

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. King argues that his TTD benefits should have been reopened on March 1, 2022, after he was laid off because Gestamp could no longer accommodate his modified duty restrictions. Mr. King contends that not granting his TTD benefits between March 1, 2022, and March 10, 2022, would be contrary to the spirit of the Workers' Compensation Act. We agree.

The Board found that Mr. King failed to establish by a preponderance of evidence that he is entitled to TTD benefits from March 1, 2022, through March 10, 2022, because the medical evidence did not justify the benefits.

After review, we conclude that the Board was clearly wrong in finding that Mr. King did not establish that he was entitled to TTD benefits beginning March 1, 2022. We note that Gestamp alleges Mr. King was granted TTD benefits from March 11, 2022, when Gestamp alleges that he was cleared for surgery. However, Gestamp did not provide any evidence proving that Mr. King was cleared for surgery on March 11, 2022. Further, Gestamp does not dispute that it laid-off Mr. King from work on February 28, 2022. We find that there is no evidence that Mr. King's medical condition, clearance for surgery, or work restrictions changed between March 1, 2022, and March 11, 2022, such that he would have been ineligible for TTD benefits. Thus, if the claim administrator found that Mr. King was entitled to TTD benefits on March 11, 2022, then it follows that he is also entitled to benefits from March 1, 2022, through March 10, 2022.

Accordingly, we reverse the Board's November 29, 2022, order and remand this matter to the Board for the issuance of an order consistent with this Court's decision.

Reversed and Remanded.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr

3

Judge Charles O. Lorensen